UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------X
STEFAN MICHEL,

Plaintiff,

-against-

CITY OF LONG BEACH; POLICE OFFICER KURT BENJAMIN, in his individual and official capacities; POLICE OFFICER JOSEPH CHAMPION, in his individual and official capacities; POLICE OFFICER SHANNON MACKAY, in her individual and official capacities; POLICE OFFICER CHRISTOPHER MURPHY, in his individual and official capacities; and CITY OF LONG BEACH POLICE OFFICER JOHN DOES #1-10 (fictitiously named), in their individual and official capacities,

Defendants.
-----------------------------------------------X

ORDER
25-CV-6426 (JS)(JMW)

APPEARANCES

For Plaintiff Stefan Michel: Pablo A. Fernandez, Esq.
Spencer David Shapiro, Esq.
Horn Wright, LLP
400 Garden City Plaza, Suite 500
Garden City, New York 11530

For Defendant City of Long Beach: Richard S. Finkel, Esq.
Howard Marc Miller, Esq.
Bond, Schoeneck & King, PLLC
68 South Service Road, Suite 400
Melville, New York 11747

SEYBERT, District Judge:

Plaintiff Stefan Michel ("Plaintiff") brings this action following an alleged September 4, 2024 encounter between him and several City of Long Beach Police officers (the "Officer Defendants"). Presently before the Court is a Motion to Dismiss Plaintiff's Second Amended Complaint filed by Defendant City of Long Beach (the "City"). (See "Motion", ECF No. 17; see also Second Amended Complaint ("SAC"), ECF No. 19; "Support Memo", ECF No. 17-4; "Opp'n", ECF No. 17-5; "Reply", ECF No. 17-6.) The Motion seeks to dismiss three of Plaintiff's claims asserted against the City: a Monell claim asserted under 42 U.S.C. § 1983 (the "Monell Claim"); and New York state law claims of negligence, and assault and battery (respectively, the "Negligence Claim" and the "Assault and Battery Claim"). For the reasons discussed below, the City's Motion is GRANTED as to the Monell and Negligence Claims and DENIED as to the Assault and Battery Claim.

## BACKGROUND

### I. Factual Allegations

Plaintiff alleges that on September 4, 2024, he was walking in Long Beach, New York, when he started to have a seizure. (SAC ¶¶ 17-19.) Plaintiff contends when the Officer Defendants arrived on scene, they proceeded to assault him rather than providing medical care. (Id. ¶¶ 18-20.) Plaintiff further alleges, following the assault, he was placed under arrest without

probable cause. (Id. ¶ 20.) Plaintiff's wife then arrived on scene and allegedly informed the Officer Defendants that Plaintiff was having a seizure. (Id. ¶ 22.) Despite the warning, Plaintiff asserts the Officer Defendants continued to assault him, and eventually arrested him. (Id. ¶¶ 22-23.)

Once arrested, Plaintiff was charged with three felonies, including assault of a police officer. (Id. ¶ 23.) Plaintiff further alleges, following the arrest, the Officer Defendants prepared and provided the District Attorney's Office[1] with false statements indicating Plaintiff assaulted them. (Id. ¶¶ 19-24.) As a result of this conduct, Plaintiff states he was required to appear in court several times to resolve the criminal charges, which harmed his reputation, and were ultimately "dismissed pursuant to an adjournment in contemplation of dismissal." (Id. ¶¶ 30-32.)

## II. Plaintiff's Complaint and the City's Motion

On November 19, 2025, Plaintiff filed a Complaint against the City and the Officer Defendants, which was later amended on July 15, 2026.[2] (See Compl., ECF No. 1; SAC.) The SAC

[1] The SAC does not specify which District Attorney's Office it was referring to, although the events took place in Nassau County.

[2] On July 8, 2026, Plaintiff filed a letter motion seeking leave to file the SAC, which included the names of the Officer Defendants; Defendants consented to the filing of the SAC. (See Letter Motion, ECF No. 18.) The Court granted the Letter Motion the following day. (See July 9, 2026 Elec. Order.) Of relevance

asserts ten causes of action against the City and Police Officer Defendants related to the alleged September 2024 incident. (See generally SAC.) Of the charges relevant to the Motion, Plaintiff's Monell claim alleges the City established a municipal policy or custom of failing to train its officers on constitutionally appropriate use of force, probable cause, and investigations, while tolerating repeated Constitutional violations. (SAC ¶ 82-88.) Plaintiff's Negligence Claim is based upon allegations the City breached its duty to prevent Constitutional violations, and because of its alleged negligent hiring, training, supervising, and disciplining of the Officer Defendants. (Id. ¶¶ 117-21.) The Assault and Battery Claim rests upon the allegations the Officer Defendants were acting within their scope of employment when the nonconsensual, harmful touching of Plaintiff occurred. (Id. ¶¶ 90-91, 94-95.)

On February 9, 2026, the City served the Motion and accompanying Support Memo, which seek to dismiss only the Monell, Negligence, and Assault and Battery Claims asserted against it. (See Motion; Support Memo.) The City argues the Monell Claim should be dismissed because Plaintiff failed to cite any other complaints, besides his, showing the City was on notice about a training

---

here, because the SAC had "no substantive changes being made [to] the allegations, the parties [agreed] that the proposed amendments would have no effect on Defendants' pending motion to dismiss." (Letter Motion at 1.)

deficiency or widespread practice in place. (Support Memo at 4-7.) The City further maintains the Negligence Claim should be dismissed because the Officer Defendants were acting intentionally and within the scope of their employment during the alleged September 2024 incident, and the Assault and Battery Claim should be dismissed as impermissibly duplicative of the excessive force claim Plaintiff asserted against the Officer Defendants (the "Excessive Force Claim"). (See id. at 13-18; see also SAC ¶¶ 39-43.)

On March 10, 2026, Plaintiff filed his Opposition. (See generally Opp'n.) Plaintiff contends the Monell Claim is not subject to dismissal because Monell does not require a formal policy, and because failure to properly train or supervise can constitute a policy where it amounts to deliberate indifference. (See id. at 2.) Plaintiff further maintains the Negligence Claim is viable because, at different times during the altercation, certain officers were negligently failing to intervene rather than intentionally injuring Plaintiff. (See id. at 4.) Plaintiff contends the City's characterization of the Assault and Battery Claim as "duplicative" is inaccurate because the Excessive Force Claim is not asserted against the City. (Id. at 4-6.)

On March 31, 2026, the City filed its Reply. (See Reply.)

## DISCUSSION

### I. Applicable Law, Generally

A claim is properly dismissed pursuant to Rule 12(b)(6) where it "fail[s] to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). To survive a motion to dismiss, a complaint must be plausible on its face such that the court can draw a "reasonable inference that the defendant is liable for the misconduct alleged." Jackson v. Nassau County, 552 F. Supp. 3d 350, 364 (E.D.N.Y. 2021) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). At this stage, the Court must accept all factual allegations as true, but "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements, do not suffice." Sands Harbor Marina Corp. v. Wells Fargo Ins. Servs. of Oregon, Inc., 156 F. Supp. 3d 348, 355 (E.D.N.Y. 2016) (citing Iqbal, 556 U.S. at 678).

### II. Application

#### a. *Monell* Standard

As this Court has previously stated:

> "To prevail against a municipality in a Section 1983 action, a plaintiff must plead and prove three elements: (1) an official policy or custom that (2) caused the plaintiff to be subjected to (3) a denial of a constitutional right." Kogut v. County of Nassau, No. 06-CV-6695, 2009 WL 5033937 (E.D.N.Y. Dec. 11, 2009) (citing Hartline v. Gallo, 546 F.3d 95, 103 (2d Cir. 2008)). "For a Monell claim to survive a motion to dismiss, a plaintiff must allege 'sufficient factual

detail' and not mere 'boilerplate allegations' that the violation of the plaintiff's constitutional rights resulted from the municipality's custom or official policy." Ying Li v. City of New York, 246 F.Supp.3d 578, 636 (E.D.N.Y. 2017) (quoting Plair v. City of New York, 789 F. Supp. 2d 459, 469 (S.D.N.Y. 2011)(collecting cases)); see also Dwares v. City of New York, 985 F.2d 94, 100 (2d Cir. 1993) ("The mere assertion . . . that a municipality has such a custom or policy is insufficient in the absence of allegations of fact tending to support, at least circumstantially, such an inference."), overruled on other grounds by Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163 (1993). The plaintiff can satisfy the municipal policy requirement by alleging: "(1) a formal policy officially endorsed by the municipality; (2) actions or decisions made by municipal officials with decision-making authority; (3) a practice so persistent and widespread that it constitutes a custom through which constructive notice is imposed upon policymakers; or (4) a failure by policymakers to properly train or supervise their subordinates, such that the policymakers exercised 'deliberate indifference' to the rights of the plaintiff." Ying Li, 246 F. Supp. 3d at 636 (citing Second Circuit decisions). "To demonstrate a de facto policy or custom through a widespread practice, a plaintiff must 'show that the policymaker was aware of a subordinate's unconstitutional actions, and consciously chose to ignore them, effectively ratifying the actions.'" Burai, 530 F. Supp. 3d at 398 (quoting Amnesty America v. Town of West Hartford, 361 F.3d 113, 126 (2d Cir. 2004)). To do so, the plaintiff can "cit[e] to complaints in other cases that contain similar allegations," provided those complaints "involve factually similar misconduct, [are] contemporaneous to the misconduct at issue in the plaintiff's case, and result in an adjudication of liability." Id. (first quoting Gaston v. Ruiz,

> No. 17-CV-1252, 2018 WL 3336448, at *6 (E.D.N.Y. July 6, 2018); then quoting Isaac v. City of New York, No. 16-CV-4729, 2018 WL 5020173, at *17 (E.D.N.Y. Aug. 6, 2018), and Calderon v. City of New York, 138 F. Supp. 3d 593, 613 (S.D.N.Y. 2015)).

Jackson, 552 F. Supp. 3d at 377-78.

b. *Monell* Liability

Plaintiff's Monell Claim rests entirely upon conclusory assertions unsupported by pleaded facts. For example, the SAC alleges the City "failed to adequately train its police officers . . . despite a plethora of complaints from citizens", but never identifies a single prior complaint, nor explains how the City would have been put on notice of this purported problem. (See SAC ¶ 83.) The SAC also references police officers "who have been accused of excessive use of force, improper police procedures and tactics, and falsifying police records", but never identifies those officers nor provides factual allegations explaining any alleged previous incident. (See id. ¶ 84.) Similarly, the SAC baldly asserts the Officer Defendants' conduct "was consistent with longstanding customs, practices, and usages of police officers employed by" the City, but pleads no facts establishing the frequency, duration, or existence of any prior similar incident. (See id. ¶ 86.) Rather than supporting well-pleaded factual allegations, these assertions resemble the Monell elements accompanied by conclusory statements. That will not do; the Court is not required to accept such conclusory assertions as

true. See Sands Harbor Marina Corp., 156 F. Supp. 3d at 355 ("although the Court must accept all allegations as true, this 'tenet' is 'inapplicable to legal conclusions;' thus, '[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements, do not suffice.'") (citing Iqbal, 556 U.S. at 678).

Moreover, absent from Plaintiff's pleading in support of his Monell Claim is the requisite policy or practice; Plaintiff concedes as much in his Opposition, stating his Monell claim "is based entirely on one incident." (Opp'n at 3.) This concession underscores the fatality of Plaintiff's claim, as courts regularly dismiss Monell claims based upon a single incident. For example, in Jackson v. County of Nassau, this Court dismissed a Monell claim where a plaintiff failed to offer evidence of factually-similar incidents. See Jackson, 552 F. Supp. 3d at 379-80. Likewise, in Triano v. Town of Harrison, the court rejected a Monell claim based only upon the plaintiff's own arrest, on grounds "it is well settled that 'a custom or policy cannot be shown by pointing to a single instance of unconstitutional conduct by a mere employee of the [government].'" 895 F. Supp. 2d 526, 538 (S.D.N.Y. 2012) (quoting Newton v. City of N.Y., 566 F. Supp. 2d 256, 271 (S.D.N.Y. 2008)). And, in Buari v. City of New York, a plaintiff alleging 23 instances of misconduct spanning a 20-year period failed because:

> "alleg[ing] only slightly more than one case of similar prosecutorial misconduct each year . . . in such a large municipality does not plausibly suggest that the alleged practice is 'so widespread as to have the force of law,' Bd. Of Cnty. Comm'rs v. Brown, 520 U.S. 397, 404 (1997) (citing Monell v. Dep't of Social Services, 436 U.S. 658, 690-91 (1978))), or 'so manifest as to imply the constructive acquiescence of senior policy-making officials.'" Sorlucco v. N.Y.C. Police Dep't, 971 F.2d 864, 871 (2d Cir. 1992) (citing City of St. Louis v. Praprotnik, 485 U.S. 112, 130 (1988)); and Krulik v. Bd. Of Educ., 781 F.2d 15, 23 (2d Cir. 1986)).

530 F. Supp. 3d 356, 406 (S.D.N.Y. 2021).

Plaintiff maintains dismissal is not appropriate because "[m]ost, if not all, of the cases cited by Defendant in support deal with summary judgments or jury verdicts where plaintiff could not demonstrate repeated complaints of civil violations after discovery had gone forward", and because discovery may lead to policy-related findings. (Opp'n at 3.) Plaintiff's argument in opposition is unavailing. First, Plaintiff's assertion about the City's cited authorities is factually incorrect, as several of the cases the City cites were decided at the motion-to-dismiss stage. See, e.g., Jackson, 552 F. Supp. 3d at 350; Triano, 895 F. Supp. 2d 538; Buari, 530 F. Supp. 3d 405-06. Second, the assumption discovery will establish facts supporting a policy is inappropriate, given that Plaintiff has not even pleaded the existence of any such policy. See Golman v. Belden, 754 F.2d 1059, 1067 (2d Cir. 1985) ("[t]he court's function on a Rule

12(b)(6) motion is not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient"). Accordingly, the City's Motion to dismiss the Monell Claim is GRANTED.

c. Negligence

The Negligence Claim accuses the City of "inflicting and failing to prevent" violations of Plaintiff's rights, including "to prevent and cease the unlawful assault and battery, search and seizure, wrongful detainment, false arrest, false imprisonment, and malicious prosecution upon Plaintiff, as well as a duty to hire, to train, to investigate, supervise, and discipline the Individual Defendants and prevent other wrongful acts that were committed against Plaintiff." (SAC ¶¶ 118-19.)

This claim is subject to dismissal for three reasons. First, to the extent the claim is premised upon any intentional act, New York courts have explained "harm predicated on an intentional act may not give rise to a claim of negligence." Bah v. City of New York, No. 13-CV-6690, 2014 WL 1760063, at *13 (S.D.N.Y. May 1, 2014); see also Dineen v. Stramka, 228 F. Supp. 2d 447, 454 (S.D.N.Y. 2002) ("[w]hen a plaintiff asserts excessive force and assault claims which are premised upon a defendant's allegedly intentional conduct, a negligence claim with respect to the same conduct will not lie"); Ellis v. Gannon, No. 10-CV-1373,

2011 WL 5513184, at *6 (E.D.N.Y. Nov. 10, 2011) ("[f]or claims seeking damages based upon a purportedly unlawful arrest and prosecution, a plaintiff must resort to the traditional remedies of false imprisonment and malicious prosecution and cannot recover under the broader principles of negligence") (internal quotation marks and further citation omitted). Although Plaintiff's Opposition contends "the allegations of negligence are for failing to prevent the intentional acts upon Plaintiff, not for the commission of the acts themselves, which draws a clear line separating the intentional acts from the negligent ones" (Opp'n at 4.), the SAC's as-pleaded factual allegations sound entirely in willful conduct. (See SAC ¶¶ 16-38 ("Factual Allegations" section).) To assert a negligence-based cause of action premised upon such willful conduct would be directly at odds with New York case law. See Dineen, 228 F.Supp.2d at 454.

Second, Plaintiff's contention that the Negligence Claim should not be dismissed because "it could be argued that, at different points during the interaction, Defendants violated the law through negligent rather than intentional conduct and Plaintiff should be allowed to submit his negligence claim in the alternative" is unavailing. (Opp'n at 4.) In support of this argument, Plaintiff cites Hodge v. Village of Southhampton, where the court allowed a plaintiff to plead both negligence and assault and battery causes of action related to claims that a defendant

shut a car door on plaintiff's prosthetic leg. 838 F. Supp. 2d 67, 88 n.14 (E.D.N.Y. 2012). The Hodge Court did so, however, because this alleged course of action could be reasonably construed by a jury as either deliberate or accidental. Unlike Hodge, this case presents no such ambiguity.

Third, Plaintiff's claims regarding negligent hiring, training, supervision, and discipline cannot be maintained because the SAC concedes, "[a]t all relevant times to the instant Complaint, Defendants were acting under color of law." (SAC ¶ 33.) This is directly at odds with the requirement that, to assert a negligent hiring, training, or retention claim against a municipal employer, the tortfeasor employee must act "outside the scope of her employment." Velez v. City of N.Y., 730 F.3d 128, 136-37 (2d Cir. 2018); see also Lopez v. City of N.Y., No. 24-CV-6281, 2025 WL 2959059, at *19 (E.D.N.Y. Oct. 17, 2025). Accordingly, the City's Motion on the Negligence Claim is GRANTED.

d. Assault and Battery

The City argues the elements of the Assault and Battery Claim are "substantially identical" to the elements of Plaintiff's Excessive Force Claim. (Support Memo at 16 (quoting Posr v. Doherty, 944 F. 2d 91, 95 (2d Cir. 1991) (excessive force and assault and battery claims have "substantially the same" elements, "save for the requirement that the constitutional tort be under

color of state law”)).) While the City is correct to observe the similarity of the elements, their argument ultimately fails for two reasons. First, the Assault and Battery Claim is not duplicative of the Excessive Force Claim as to the City, since the Excessive Force Claim is brought against the Officer Defendants only. (See SAC ¶¶ 39-43.)

Second, even if the causes of action were duplicative, none of the authorities the City cites demonstrate they cannot be separately maintained. Most of the cases the City cites where an assault and battery claim was treated identically to an excessive force claim involve circumstances where the excessive force claim had previously been either dismissed or allowed to move forward. See Cruz v. City of New Rochelle, No. 13-CV-7432, 2017 WL 1402122, at *29 (S.D.N.Y. Apr. 3, 2017) (dismissing an assault and battery claim at summary judgment stage because excessive force claim was also dismissed); Pierre-Antoine v. City of N.Y., No. 04-CV-6987, 2006 WL 1292076 at *8 (S.D.N.Y. May 9, 2006) (holding duplicative state law assault claim should be disposed in the same way as accompanying excessive force claim); Johnson v. City of N.Y., No. 05-CV-7519, 2008 WL 4450270 at *12 (S.D.N.Y. Sep. 29, 2008) (same).

Here, by contrast, the Excessive Force Claim is not subject to this Motion. And, as Plaintiff persuasively contends, granting dismissal “would effectively foreclose all plaintiffs in

§ 1983 actions from bringing any causes of action under state law as assault & battery, false arrest, and malicious prosecution claims [that] mirror each other under state and federal law." (Opp'n at 5.) The Court is not prepared to take such a step. Therefore, the City's Motion as to the Assault and Battery Claim is DENIED.

CONCLUSION

Accordingly, for the reasons stated above, IT IS HEREBY ORDERED that the City's Motion (ECF No. 17) is GRANTED in part and DENIED in part, such that:

I. Monell and Negligence Claims are dismissed as against the City; but

II. the Assault and Battery Claim remains.

**SO ORDERED.**

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: August 11, 2026
Central Islip, New York